NATIONAL BROADWAY BANK IN CITY OF NEW YORK *v.* BARKER.

*(Supreme Court, General Term, First Department.    May 15, 1891.)*

ATTACHMENT—MOTION TO VACATE—AFFIDAVIT OF LEVY.

Code Civil Proc. N. Y. § 682, provides that "a person who has acquired a lien upon or interest in * * * property, after it was attached, may at any time apply to vacate or modify the warrant." An intervening creditor in an attachment proceeding, moving to vacate plaintiff's lien, offered no evidence of his own lien except the affidavit of his attorney, stating, upon information from a deputy-sheriff, that such lien had been acquired by levy. *Held*, that the affidavit of the attorney, made upon information, was insufficient evidence of the existence of the lien, and that the refusal of the deputy to make affidavit thereto was no sufficient excuse for the non-production of his affidavit, which he might have been compelled to make under Code Civil Proc. N. Y. § 885, which provides that a party intending to make a motion in a court of record, to be supported by affidavit, may compel the attendance of the intended affiant, and the making of an affidavit by him before a referee.

Appeal from special term, New York county.

Application by the Mattson Rubber Company to vacate an attachment levied on the property of Stephen B. Barker at the suit of the National Broadway Bank.    The applicant appeals from an order denying its motion to va-

cate the attachment. Code Civil Proc. N. Y. § 682, provides that "a person who has acquired a lien upon or interest in　*　*　*　property, after it was attached, may at any time　*　*　*　apply to vacate or modify the attachment." Code Civil Proc. N. Y. § 885, provides that a party intending to make a motion in a court of record, wherein it is necessary to have the affidavit of a person, may obtain an order appointing a referee to take such affidavit, and may compel the attendance of the proposed affiant before the referee for that purpose by subpœna.

Argued before VAN BRUNT, P. J., and LAWRENCE and DANIELS, JJ.

*P. Q. Eckerson,* for appellant. *Kelly & MacRae,* (*Wm. F. MacRae,* of counsel,) for respondent.

DANIELS, J. The motion to vacate the plaintiff's attachment was made on behalf of the Mattson Rubber Company, in whose favor a later attachment had been issued against the property of the same defendant. To entitle the Mattson Rubber Company to succeed in its motion, it was a fundamental fact, to be established in its favor, that it had acquired a lien upon, or interest in, the debtor's property after its seizure under the plaintiff's attachment, previously issued in this action. Code Civil Proc. § 682. To prove that this lien had been acquired, the attorney for the rubber company stated in his affidavit "that deponent is informed and verily believes that the same is true, by James Young, a deputy-sheriff of the city and county of New York; that both of said attachments were issued to the sheriff of the city and county of New York; that the same came into his hands as such deputy sheriff for the purpose of executing the same; that on the said 27th day of October, 1890, he attached the property of the defendant, Stephen T. Barker, consisting of water-proof goods and fabrics, sewing-machines, etc., under the said attachment issued in favor of the above plaintiff at the defendant's places of business, No. 27 Maiden lane and No. 8 College place, New York city; and that subsequent thereto, and on the 27th day of October, 1890, he attached the same property under the said attachment issued by the said Mattson Rubber Company against the property of Stephen T. Barker, and that he now holds said property under and by virtue of both of said attachments; that deponent has requested said deputy-sheriff, James Young, and the sheriff of the city and county of New York, to make an affidavit or certificate of these facts, but that they decline to so do, stating as the reason that it might be showing a preference in favor of one party against another;" and no other proof was produced to establish that fact. This statement of the attorney was insufficient evidence of its existence, for it was wholly a matter of information. It was, in fact, the unsworn and unauthenticated assertion of the deputy, without anything to corroborate or maintain it; and mere information has been so often held to be no proof of the fact related in it that authority is not now required to support that conclusion. An attempt has been made to excuse the want of evidence by the statement that the deputy declined to make an affidavit proving the fact that he had seized the same property under the attachment of the rubber company. But that forms no legal excuse for failing to obtain the affidavit of the deputy, for the law has provided a means by which it could have been regularly procured. Code Civil Proc. § 885. The provision is very simple, and can be so readily complied with that the failure to obtain the affidavit in that manner presents no sound reason for accepting and acting on information not obtained from the party to be affected by it, or from some person identified in interest with him. The essential fact entitling the rubber company to move to vacate the plaintiff's attachment was unproved, and its motion was rightly denied. The order appealed from should be affirmed, with $10 costs and the disbursements on the appeal. All concur.